UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS P. DURKIN, | ) No. 04-CV-5122-AAM |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| v. | ) AND REMANDING FOR ADDITIONAL |
| | ) PROCEEDINGS, *INTER ALIA* |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | |

BEFORE THE COURT are cross motions for Summary Judgment. (Ct. Rec. 15, 18). Plaintiff Thomas Durkin appears pro se; Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Richard M. Rodriguez represent the Defendant. After reviewing the administrative record and pleadings filed by the parties, the court **GRANTS** Plaintiff's motion for summary judgment and remands to the Commissioner for additional proceedings.

**I.  JURISDICTION**

Thomas Durkin (Plaintiff) protectively filed for Disability Insurance Benefits (DIB) and Social Security Income (SSI) on November 19, 2001. (Tr. 69, 71, 362-66.)[1]  He alleged disability

---

[1]  The ALJ found Plaintiff was insured for DIB benefits only through December 31, 1999. (Tr. 18.)  Plaintiff previously filed a claim for social security benefits on March 18, 1999, which was

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

due to anxiety, memory problems and disorientation at night, with an onset date of June 27, 1994. (Tr. 122.) His application was denied initially and upon reconsideration. (Tr. 50-54.) He timely requested a hearing before an administrative law judge (ALJ), which was held on November 5, 2003. (Tr. 55, 503-35.) ALJ Richard Hines denied his application on November 21, 2003, and the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 8-9, 15.) The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.   SEQUENTIAL EVALUATION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner is governed by a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920. In steps one through four, a claimant must demonstrate a severe impairment and an inability to perform past work. *Erickson v. Shalala,* 9 F.3d 813, 816-17 (9th Cir. 1993). If a claimant meets

---

denied on December 29, 1999. (Tr. 36, 43.) That decision was not appealed and is *res judicata*. *See* 20 C.F.R. § 404.957(c)(1). Consequently, Plaintiff is foreclosed from a finding of disability prior to December 29, 1999, unless the ALJ chooses to reopen the initial claim. *Lester v. Chater,* 81 F.3d. 821, 827 (9th Cir. 1995)(*citing Krumpleman v. Heckler,* 767 F.2d 586. 588 (9th Cir. 1985), *cert denied,* 475. U.S. 1025 (1986). The ALJ here found no reason to reopen the previous claim and this has not been challenged. (Tr. 18.)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

those requirements, the burden shifts to the Commissioner to demonstrate a claimant can engage in other types of substantial gainful work which exist in the national economy. *Id.* at 817 (*citing Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984)). To make this determination, the Commissioner must consider a claimant's age, education and work experience. 20 C.F.R. § 404.1520(f). *See Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287 (1987).

### III.   STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

### IV.   STATEMENT OF THE CASE

Detailed facts of the case are set forth in the transcript of proceedings and the ALJ's decision and are briefly summarized here. Plaintiff was 54 years old at the time of the ALJ hearing.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

(Tr. 66.)  He completed ninth grade and his GED.  (Tr. 518.)  He worked as a truck driver from 1987 until 1994.  (Tr. 96.)  In his last job, he drove a 28 wheel fuel delivery truck.  (Tr. 159.)  Plaintiff was discharged by his employer in 1994 due to concerns regarding his physical and mental health. (Tr. 388.) Since he was fired from his truck driving job, Plaintiff has lived on benefits from Labor and Industries, his savings, investments, proceeds from the sale of his airplane and public assistance. (Tr. 520.) He testified he cannot tolerate being in the public due to anxiety attacks.  He stated he is unable to drive trucks professionally due to the possibility that he will pass out during an anxiety attack and cause an accident.  (Tr. 532-33.)  He was living alone in his own house with his dog, performed his own activities of daily living, and had dinner with his mother at least two times a month.  (Tr. 516, 520.)  He stated he shopped and traveled at night to avoid contact with the public.  (Tr. 530.)

### V.   ADMINISTRATIVE DECISION

ALJ Hines applied the five-step sequential evaluation process for determining whether Plaintiff is disabled.  At step one, he found Plaintiff had not engaged in substantial gainful activity since his alleged onset date; at step two he found Plaintiff had the severe mental impairment of personality disorder and non-severe chronic obstructive pulmonary disease for which he received no treatment.  (Tr. 27, 29.)  At step three, he found the mental impairment did not meet or equal the requirements of a listed impairment.  (Tr. 29.)  The ALJ found Plaintiff's allegations regarding his limitations were not totally credible.  (Id.)  At step four, he determined Plaintiff had the residual functional

capacity for the full range of exertional activities, but should have only superficial contact with the public and coworkers. (Id.) At step four, the ALJ concluded Plaintiff was able to perform his past relevant work as a truck driver, a job that accommodates Plaintiff's need to work by himself; therefore, Plaintiff was not "disabled" as defined by the Social Security Act through the date of the ALJ's decision. (Tr. 29, 30.)

**VI. ISSUES**

The question presented is whether the ALJ's decision is supported by substantial evidence and is free of legal error. Plaintiff contends the ALJ did not properly evaluate his impairments and erred in finding he could perform his past relevant work. (Ct. Rec. 15 at 4-5).

**VII.   DISCUSSION**

A.   Evaluation of Medical Evidence

Plaintiff argues that the ALJ erred in evaluating the severity of his impairments. (Ct. Rec. 15 at 1-2). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.

The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of "disabled." *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling (SSR) 85-28*).

The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B)(Supp. III 1991). An impairment or combination of impairments is not severe if it does not significantly limit a person's ability to do basic work activities, such as physical functions, capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions, use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521. The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen*, 482 U.S. at 153-154.

To determine if there is a severe impairment, the ALJ must consider the opinions of Plaintiff's medical providers. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (*quoting Reddick v. Chater*, 157 F.3d

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

715, 725 (9th Cir. 1998)); *Smolen v. Chater*, 80 F.3d 1273, 1285-88 (9th Cir. 1996); *Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Lester,* 81 F.3d at 830; *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989).  If a treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons.  *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject the opinions with specific, legitimate reasons that are supported by substantial evidence.  *See Flaten*, 44 F.3d at 1463; *Fair*, 885 F.2d at 605.  To meet this burden, the ALJ can set out a detailed and thorough summary of the facts and conflicting clinical evidence, state his or her interpretation of the evidence, and make findings.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Although deference is given to a treating physician's opinion, the determination of whether an impairment meets or equals a listing and the ultimate determination of disability are findings reserved solely for the Commissioner.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *SSR 96-5p*.  If the record supports more than one rational interpretation, the reviewing court will defer to the ALJ's decision.  *Bayless v. Barnhart*, 427 F.3d 1211, 1214 (2005).

In addition to medical reports in the record, the analysis and opinion of an expert selected by an ALJ may be helpful in his adjudication.  *Andrews,* 53 F.3d at 1041 *(citing Magallanes,* 881 F.2nd at 753).  Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

Here, the ALJ gave a thorough summary of the medical evidence dating back to 1994.  (Tr. 22-26.)  In prior proceedings, it was found that medical and psychological evidence predating December 1999, supported a final decision that Plaintiff was not disabled.  (Tr. 33.)  The record indicates that after December 1999, Plaintiff was treated by Robert Johnson, D.O., from March 2000, until September 2003,[2] and examined by psychologist Stephen Rubin, Ph.D., in April 2002.  (Tr. 286-96, 340-47.)  In April 2002, Dr. Johnson diagnosed Plaintiff with Axis I panic disorder with agoraphobia and anxiety disorder (social), causing severe symptoms of social withdrawal, and severe limitations in his ability to understand, remember and follow complex instructions and interact

---

[2] With his Motion for Summary Judgment, Plaintiff submitted a letter from Dr. Johnson, dated June 10, 2005. (Ct. Rec. 15 at 4).  Defendant objects to this new evidence on the grounds that it is not material and there is no good cause for the late submission.  (Ct. Rec. 19 at 18-19.)  Dr. Johnson's letter was not reviewed by the Appeals Council, therefore it is not part of the record on review by this court. *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).  New evidence may be considered on remand if it is material, i.e., it bears "directly and substantially on the matter in dispute" and there is a "reasonable possibility" that it would have changed the outcome of the administrative decision, and good cause is shown for failure to present the evidence earlier. *Mayes v. Massanari*, 276 F.3d 453, 462 (2001); *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1381 (9th Cir. 1984).  Here, Dr. Johnson's letter is not material because it does not contain new information relating to the period at issue (from June 1994, onset date, to November 19, 2003, the date of the ALJ's decision).  Further, the information is conclusory, brief and unsupported by objective testing or clinical notes.  Plaintiff has not shown materiality or good cause for failing to incorporate this information into the prior proceedings or to the Appeals Council when he submitted additional evidence.  (*See* Tr. 7.)  Therefore, the new evidence is not to be considered on remand of these proceedings; if Plaintiff files a new claim, the information may be relevant for consideration in the new proceedings. *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

appropriately in public contacts. (Tr. 345-46.) These limitations were confirmed at the hearing by Dr. Norman Gustavson, medical expert in psychology. (Tr. 510.)

Dr. Rubin, in his examination report dated April 9, 2002, diagnosed Plaintiff with an anxiety disorder and personality disorder (unspecified). In his narrative, Dr. Rubin specifically noted "Mr. Durkin does appear to be a complicated case who initially gives the impression of being very employable, but on closer examination one thinks it would be very difficult to place him." (Tr. 337.) He noted Plaintiff's marked impairment in his ability to respond appropriately to the pressures and expectations of a normal work setting would be lifelong and treatment did not seem effective. (Tr. 343.)

Plaintiff also saw Edward Brown, M.D., in November 2002, who noted lapses of memory during their interview. After treating Plaintiff for a month, Dr. Brown opined Plaintiff suffered anxiety, stress reactions, and panic reactions. He recommended treatment with atenolol and Zoloft. (Tr. 321.) In August 2003, Dr. Brown reported Plaintiff was improving on his medication, exhibiting some mild paranoia, minimal suspicion and appearing only slightly anxious. (Tr. 326.)

Prior to concluding that Plaintiff had the severe impairment of a personality disorder, the ALJ discussed the medical opinions. He did not, however, explain what weight was given the post-1999 diagnoses of panic disorder and anxiety disorder by Plaintiff's treating and examining medical sources. Nor did he give specific reasons for rejecting their opinions regarding severe and marked

limitations.[3] Further, he did not explain what weight was given to the opinions of Dr. Gustavson, who stated Plaintiff exhibited five out of six traits under Criteria A of Listing 12.08 (Personality Disorders), causing severe impairments in cognitive and social functioning. (Tr. 510, 346.) This is legal error and requires remand. *See Polny v. Bowen*, 864 F.2d 661, 664 (9th Cir. 1988)(discussing the difficulties in fair evaluation of mental disorder cases where claimant must show that he has the kind of impairment that would make most employers unwilling to hire him).

B.   Step Four - Past Relevant Work

Plaintiff argues that the ALJ erred in finding him capable of safely performing his past work as a truck driver. At step four, the burden is still upon the claimant to prove he cannot return to his past work. In his decision, the ALJ found Plaintiff's social limitations requiring him to work by himself did not render Plaintiff incapable of working as a truck driver, which accommodated his need to work by himself. (Tr. 29.) However, these findings are insufficient to support a finding that Plaintiff can return to his past work as a truck driver. *See SSR 82-62*. In finding that an individual has the capacity to perform

---

[3] The ALJ and the medical expert referred to Plaintiff's moderate to high Global Assessment of Functioning (GAF) scores reported by medical providers as contra-indicating the severity of Plaintiff's mental impairments. (Tr. 28, 509-10.) However, the Commissioner has explicitly disavowed any use of the GAF scores as an indicator of disability. In August 2000, the Commissioner, in discussing comments to the current mental disorder evaluation regulations, stated that "[t]he GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listings." 65 Fed. Reg. 50746-01, 50765, 2000 WL 1173632 (August 21, 2000).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 10

a past relevant job, the decision must contain the following specific findings of fact:

    1.   A finding of fact as to the individual's residual functional capacity (RFC), including mental and non-exertional limitations.

    2.   A finding of fact as to the physical and mental demands of the past job/occupation.

    3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Social Security Ruling 82-62*.

As stated in the Commissioner's Social Security Ruling (SSR), "Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable." *SSR 82-61.* Where a claimant is found to have a mental impairment, the ALJ must consider a precise description of the particular job duties which are likely to produce tension and anxiety to determine if the mental condition is compatible with the performance of past work. Step four findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. *SSR 82-62.* As the Ninth Circuit has stated, "[t]his requires specific findings" on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001).

The ALJ must discuss Plaintiff's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis and carefully compare his restrictions with exertional demands as defined by the regulations. *SSR 96-8p*.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

Further, all non exertional limits on work-related activities, including an individual's response to demands of work, must be described in the mental RFC assessment. *SSR 85-16, 85-15*. Conclusions of ability to engage in work are not to be inferred merely from the fact that the mental disorder does not meet the Listings. *SSR 85-16 (Importance of RFC Assessments in Mental Disorders)*.

Here, the ALJ did not make the required findings at step four. He simply stated Plaintiff retains the RFC for a full range of exertion "with some social limitations, essentially requiring work by himself." (Tr. 28-29.) The ALJ did not address the symptoms assessed by Drs. Johnson, Rubin and Gustavson or their impact on Plaintiff's ability to drive a fuel/tanker truck. He did not discuss what side effects, if any, Plaintiff's prescribed medication would have on his ability to safely drive a truck. *See Erickson*, 9 F.3d at 818. Further, the ALJ did not support his step four finding with specific reference and discussion of the past relevant work as described by the *Dictionary of Occupational Titles (DICOT).*[4] *Pinto*, 249 F.3d at 845 (*DICOT* is typically the best source for how a job is generally performed). The ALJ's failure to make adequate step four findings is reversible error.

---

[4] For example, the court takes judicial notice that the criteria for Inflammables/Explosives-Truck Driver includes a "significant" rating for a temperament that can perform effectively under stress. *DICOT,* 903.683-010 (4th ed. 1991). The criteria for Tank-Trucker Driver includes exposure to loud noise and frequent exposure to other, unspecified environmental conditions. *DICOT*, 903.683-018 (4th ed. 1991). Where documentation alone is not sufficient to determine how Plaintiff's past relevant work is usually performed, a vocational specialist may be necessary. *SSR 82-61*.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

*Pinto*, 249 F.3d at 847.

The question that remains is whether this case should be reversed and remanded for further proceedings or for the payment of benefits. The decision to remand for benefits or further proceedings is within the discretion of the court. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). Remand for further proceedings is appropriate when further administrative proceedings could remedy defects, *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir. 1989), or are necessary to develop a sufficient record. *McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir. 1989). Here, remand is appropriate for an explanation of the weight given post-December 1999, medical source opinions and, if necessary, the reasons for rejecting those opinions. On remand, the ALJ shall provide a proper step four analysis, and if necessary, a step five evaluation with vocational expert testimony.

### VIII. CONCLUSION

The ALJ did not explain the weight given, or specific reasons for rejecting, Plaintiff's treating and examining medical source opinions regarding mental disorder diagnoses and marked and severe limitations after December 1999. He did not indicate the weight given medical expert Dr. Gustavson's opinions that support Dr. Johnson's findings. The step four findings are insufficient and are not supported by substantial evidence in the record. Remand for further proceedings is appropriate to remedy these defects. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 15** ) is **GRANTED.** The matter is remanded to the Commissioner of Social

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 13

Security for further proceedings in accordance with the decision above and sentence four of 42 U.S.C. § 405(g). [5]

    2. Defendant's Motion for Summary Judgment (**Ct. Rec. 18**) is **DENIED.**

    3. Judgment for the **Plaintiff** shall be entered. The District Court Executive is directed to enter this Order, forward copies to counsel, and **CLOSE** this file.

    **DATED** this 30th day of January 2006.

                                   s/ Alan A. McDonald
                                       ALAN A. McDONALD
                         SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff is advised that representation by legal counsel in the remand proceedings is strongly recommended.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14